HESTER, Judge:
Judy Lenhart appeals from the April 16, 1990 order entered by the Court of Common Pleas of Philadelphia County granting judgment to appellee, Travelers Insurance Company, which is a party in its capacity as assignee of the Pennsylvania Assigned Claims Plan (the “Plan”). The trial court determined that appellee was not liable under the provisions of the Motor Vehicle Financial Responsibility Law (“MVFRL”), 75 Pa.C.S. §§ 1701, et seq. for injuries appellant sustained while a passenger on a bus owned and operated by Trailways Lines, Inc. (“Trailways”). This determination rests on its conclusion that since Trailways was self-insured at the time of the accident, appellant was disqualified from receiving Plan benefits. We disagree with the trial court's conclusion that Trailways was a self-insured and reinstate the arbitration award in favor of appellant.
*4 The record reveals the following. On June 5, 1987, appellant was injured in Pennsylvania when the Trailways bus in which she was traveling abruptly stopped to avoid colliding with a car that had entered the lane in which the bus was traveling. The identity of the driver of the car was never discovered. Neither appellant nor anyone in her household owns an automobile. Appellant filed a claim against Trailways seeking recovery for medical costs, lost wages, and pain and suffering. While appellant’s claim was being processed, Trailways was forced into chapter seven bankruptcy. Appellant rejected a compromise of her claim that was offered by Trailways’s trustee in bankruptcy. Instead, she filed a claim with the Plan. She instituted this action against appellee once her claim was denied on grounds that she was ineligible for benefits because she had been injured while an occupant of a vehicle owned by a self-insured. See 75 Pa.C.S. § 1752(a)(5) (parties eligible to recover from the Plan do not include occupants of self-insured vehicles).
After preliminary proceedings regarding Trailways’s joinder as an additional defendant, the case was ordered to arbitration. On August 14, 1989, the arbitrators awarded appellant the sum of $15,000.00. Appellee then filed an appeal to the court of common pleas. It contended that appellant was not eligible to recover against the Plan because she was injured while an occupant of a vehicle owned by a self-insured. The parties agreed to submit the issue to the trial court on briefs and the record, which included certified copies of documents concerning Trailways’s status as a self-insured, various exhibits, and a transcript of the proceedings before the arbitrators. This appeal followed the trial court’s determination that appellant could not recover benefits since she was injured while an occupant of a vehicle owned by a self-insured.
We first address appellee’s allegation that appellant has waived her right to appeal. Appellee suggests that the trial court decided this action on a “case stated” basis, and therefore, the parties are bound by the trial court’s judg *5 ment unless they expressly reserved the right to appeal. See Clearfield Bank & Trust Co. v. American Manufacturers Mutual Insurance Co., 344 Pa.Super. 588, 497 A.2d 247 (1985). We do not believe that the record supports appellee’s position that this action was submitted on a case stated basis. It is clear that the proceedings were in the nature of cross-motions for summary judgment, and the trial court determined what was clearly a question of law by examining the record and by considering briefs submitted by the parties. The parties did not submit the action on an agreed statement of facts and then request the court to render judgment. Instead, they agreed that the record was adequate to determine the question of law presented, and they submitted briefs on the issue. Accordingly, this was not submitted on a case stated basis, and appellee’s argument is meritless. See Wertz v. Anderson, 352 Pa.Super. 572, 508 A.2d 1218 (1986) (if it is not clear that matter was submitted on a “case stated” basis, court should not construe it as having been).
We also reject appellee’s suggestion that appellant’s failure to file post-trial motions to the order finding in favor of appellee results in waiver of the issues under Pa.R.C.P. 227.1(b). As indicated above, the trial court’s decision was made by considering the record, consisting of the arbitration transcript and various exhibits, and briefs filed by the parties. No evidence or findings of fact were introduced or presented. The note to Pa.R.C.P. 227.1(c) provides in pertinent part, “A motion for post-trial relief may not be filed to orders disposing of preliminary objections, motions for judgment on the pleadings or for summary judgment, motions relating to discovery or other proceedings which do not constitute a trial." (Emphasis added). Since the decision by the trial court was based solely on its consideration of the record, without the introduction of any evidence, it clearly is an order either disposing of what in effect were cross-motions for summary judgment or at the very least, an order entered in a proceeding that did not constitute a trial. Consequently, post-trial motions actually were pro *6 hibited under Pa.R.C.P. 227.1. We now address the merits of the issues presented in this appeal.
Initially, we observe that the intent of the legislature in enacting the Plan was to provide coverage to satisfy an eligible injured person’s loss when there is no other source of recovery. The statutory provisions relating to the Plan are contained in 75 Pa.C.S. §§ 1751-1757. Section 1754 provides that an eligible claimant may recover against the Plan if he has no other source of applicable uninsured motorist coverage and otherwise is entitled to recover in a tort action against a party who has failed to comply with MVFRL requirements (including payment of the minimum to satisfy judgments).
Section 1752 defines an eligible claimant in relevant part as someone who is a resident of Pennsylvania, injured in a motor vehicle accident in Pennsylvania, and not an owner of a motor vehicle required to be registered. Appellant satisfies those requirements. Section 1752 also contains several disqualifications from receiving benefits. The relevant disqualification is that a claimant is ineligible if injured while an occupant of a vehicle owned by a self-insurer. 75 Pa.C.S. § 1752(a)(5).
We find persuasive appellant’s argument that Trailways never was a valid self-insured under the MVFRL because it never complied with the conditions for such status expressly delineated in its conditional certificate of self-insured status that had been issued by the Pennsylvania Public Utilities Commission (“PUC”). Accordingly, we conclude that appellant is entitled to recover against the Plan since she otherwise was an eligible claimant and since she was not an occupant of a vehicle owned by a self-insured at the time of the accident.
The following facts are not in dispute. Trailways was issued an order from the PUC concerning its right to operate as a self-insured in Pennsylvania. The PUC gave approval to Trailways to operate as a self-insured “subject *7 to [five] conditions.” Reproduced record at 19a. Those conditions were:
(i) That Trailways secures certificates of self-insurance from the Pennsylvania Department of Transportation pursuant to 67 Pa. Code § 223.5 for all vehicles registered in Pennsylvania within sixty (60) days of the date of this order is entered;
(ii) That the Annual Reports filed with the Commission continue to indicate a sound financial condition.
(iii) That Applicant file bi-annual claims reports detailing the number, and reserve amount of claims.
(iv) That Applicant meet the terms of its Agreement with MBank of Dallas, Texas and that Applicant submit verification from MBank on a bi-annual basis which shows that the amount of property in the custody of MBank equals the reserve amount of outstanding claims.
(v) That the Commission retains the authority to alter or rescind the self-insurer status granted herein if it appears to the Commission that the Applicant’s qualifications as a self-insurer or its practices under its self-insurance program are inadequate to protect the Pennsylvania public.
It is not disputed that Trailways failed to satisfy any of the five conditions. Id. at Sa-lOa.[1] Its compliance *8 with these requirements consisted of filing one, 1986, annual report. Under these circumstances, we conclude that the order was never effective legally and never conferred self-insured status on Trailways.
• In the order, the PUC expressly made the grant to Trailways of self-insured status subject to the fulfillment of those requirements, none of which were ever fulfilled by Trailways. The trial court recognized that Trailways never complied with the conditions imposed by the PUC, trial court opinion, 6/5/90, at 3, but the court concluded that these failures had no legal significance. Id. We strongly disagree. If a legal document is subject to conditions precedent before it is operational, it simply cannot be considered effective legally until those conditions are fulfilled. See National Products Co. v. Atlas Financial Corp., 238 Pa.Super. 152, 364 A.2d 730 (1975); Moyer v. Diehl, 139 Pa.Super. 59, 11 A.2d 651 (1940); Allen N. Lashner, Inc. v. Commonwealth Department of Highways, 1 Pa.Cmwlth. 486, 275 A.2d 403 (1971).
The order itself never gave Trailways self-insured status absolutely. In other words, the status was not conferred and then made subject to revocation. Instead, the initial grant of that status was made “subject to,” i.e., conditioned upon, fulfillment of four items. Trailways’ wholesale failure to fully satisfy even one of those items means that it never had self-insured status under the express terms of the order.
Since Trailways was not self-insured at the time of the accident, appellant was not an occupant of a vehicle owned by a self-insured at the time of the accident. She therefore is not disqualified from receiving benefits from the Plan by operation of section 1752(a)(5). We believe that this decision comports with the express purpose of the Plan, which is to compensate people injured in automobile accidents who have no source of recovery because they are not required to have automobile insurance.
*9 Accordingly, the order of the trial court is reversed and the award of the arbitrators is reinstated. Jurisdiction is relinquished.

. Appellee argues that since Trailways had an ICC permit to operate as a self-insured, this certificate is conclusive as to self-insured status for purposes of the MVFRL. We do not see the relevance of Trailways’s ICC status to the inquiry herein. We are examining the provisions of the MVFRL, and appellee’s liability pursuant to that statute. Furthermore, the United States Supreme Court has held that states may demand financial responsibility from interstate carriers for intrastate travel as long as these requirements do not exceed the financial guarantees required by the ICC for interstate commerce. Maurer v. Hamilton, 309 U.S. 598, 60 S.Ct. 726, 84 L.Ed. 969 (1940). ICC regulations also permit states to regulate the minimum intrastate financial requirements for interstate motor carriers. The MVFRL requirements of $15,000 per person and $30,000 per accident for intrastate travel in Pennsylvania do not exceed ICC requirements. Since the Pennsylvania requirements are not inconsistent with the ICC *8 requirements, they are not preempted by the federal requirements and can be applied by us in interpreting the MVFRL.