J-A10011-14

2014 PA Super 180

| LINDA AGOSTINELLI, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES C. EDWARDS, JON D. | : | |
| EDWARDS, AND LETWO VENTURES, | : | |
| LLC., | : | |
| | : | |
| Appellee | : | No. 1248 MDA 2013 |

Appeal from the Order entered June 14, 2013,
Court of Common Pleas, Centre County,
Civil Division at No(s): 2006-3286 and 2006-4444

BEFORE:  DONOHUE, ALLEN and STABILE, JJ.

OPINION BY DONOHUE, J.:                    **FILED AUGUST 20, 2014**

Appellant, Linda Agostinelli ("Mrs. Agostinelli"), appeals from the order entered on June 14, 2013 by the Court of Common Pleas of Centre County following proceedings on remand from this Court.  After careful review, we affirm in part and vacate in part.

The relevant facts and procedural history in this case are as follows. Dr. James Edwards ("Dr. Edwards") and Mrs. Agostinelli's husband, Edward Agostinelli ("Mr. Agostinelli"), were friends who had previously collaborated on several investments.  On May 3, 2000, Mrs. Agostinelli, Dr. Edwards, and his brother, Jon Edwards ("Jon"), formed LETWO Ventures, LLC ("LETWO") for the purpose of buying and developing property for the Barnbridge residential development ("Barnbridge").   LETWO's operating agreement

assigned a 50 percent interest to Mrs. Agostinelli and a 25 percent interest each to Dr. Edwards and Jon.

A few years into the project, Dr. Edwards and Jon (collectively "the Edwardses") discovered that capital funds were missing from LETWO. On August 31, 2006, the Edwardses filed suit against Mr. and Mrs. Agostinelli (together "the Agostinellis") claiming breach of fiduciary duty, fraud, misrepresentation, breach of contract, and conversion. On November 16, 2006, the Agostinellis filed their own suit against the Edwardses. On December 5, 2007, the trial court consolidated the two lawsuits.

On June 4 and 5, 2009, the trial court held a non-jury trial and on January 5, 2010, the trial court conducted a hearing on damages. On June 17, 2010, the trial court entered an opinion and verdict finding, *inter alia*, that the Agostinellis improperly converted certain LETWO funds to their benefit, but that they had not committed fraud. Trial Court Opinion and Verdict, 6/17/10, at 4-11. The trial court also determined that the Agostinellis had personally benefitted from their conversion of LETWO funds. *Id.* at 7, 11. The trial court found that LETWO had $480,693.48 in assets and that Mrs. Agostinelli was entitled to 50 percent of those assets, or $240,346.74. *Id.* at 12. The trial court further found that the Edwardses had a combined capital account of $283,239.89 and that the Agostinellis had a negative capital account of $186,224.92, which represented the amount of money they converted from LETWO. *Id.* The trial court ruled that the

Agostinellis would have to contribute that $186,224.92 plus an additional monetary capital contribution of $141,619.94 for a total contribution of $327,844.86 in order to even out Mrs. Agostinelli's capital account with the Edwardses' capital account. *Id.* The trial court then credited the Agostinellis with $240,346.74, Mrs. Agostinelli's 50 percent interest in LETWO, bringing the amount of damages that the trial court required them to pay LETWO to $87,498.12. *Id.* The trial court also ordered the Agostinellis to pay Dr. Edwards $28,247.16 and Jon $17,075.59, but denied the Edwardses' claims for punitive damages. *Id.* at 13-14.

On June 28, 2010, the Edwardses and Agostinellis both filed motions for post-trial relief. On October 29, 2010, the trial court issued a new opinion and order finding that, *inter alia*, the Agostinelli's had to make a monetary capital contribution of $283,239.89, as opposed to the $141,619.94 provided for in the June 17, 2010 opinion and order, in order to even out her capital account with the Edwardses. Trial Court Opinion and Order, 10/29/10, at 10. Thus, the trial court determined that after adding that $283,239.89 to the $141,619.94[1] that the Agostinellis converted from

---

[1] We note that the $141,619.94 the trial court uses in its October 29, 2010 opinion and order to represent the amount that the Agostinellis converted from LETWO is incorrect. *See* Trial Court Opinion and Order, 10/29/10, at 10. This figure should match the number provided by the June 17, 2010 opinion and verdict, which was $186,224.92. *See* Trial Court Opinion and Verdict, 6/17/10, at 12. Though the Edwardses have never challenged the $141,619.94 figure from the October 29, 2012 opinion and order, the trial

J-A10011-14

LETWO, the Agostinellis owed LETWO $424,859.83.  *Id.*  After crediting Mrs.

Agostinelli with her 50 percent interest in LETWO ($240,346.74), the trial

court ordered the Agostinellis to pay LETWO $184,513.09.[2]  *Id.* at 10, 12.

Additionally, the trial court terminated Mrs. Agostinelli's interest in the

company having credited her with her 50 percent interest.  *Id.* at 9-10, 12.

On November 8, 2011, Dr. Edwards and Jon filed a motion for

reconsideration of the October 29, 2010 opinion and order.  On November

17, 2010 the trial court expressly granted reconsideration, but affirmed the

October 29, 2010 opinion and order on January 17, 2011.

On January 31, 2011, the Edwardses appealed to this Court and on

February 10, 2011, the Agostinellis filed a cross-appeal.  A panel of this

Court reversed the trial court's decision, concluding, *inter alia*, that Mr.

Agostinelli (but not Mrs. Agostinelli) had committed fraud and that the trial

court should have awarded the Edwardses six percent simple interest per

annum on the funds that the Agostinellis converted.  ***Agostinelli v.***

***Edwards***, 223 MDA 2011, 6-17 (Pa. Super. March 12, 2012) (unpublished

memorandum).  Additionally, the panel determined that the trial court

should not have required Mrs. Agostinelli to make a monetary capital

---

court corrected the error in its recalculation of damages on remand.  **See**
Trial Court Opinion and Order, 6/14/13, at 4-5.

[2]  This order did not change the amount that the trial court required the
Agostinellis to pay Dr. Edwards and Jon.  **See** Trial Court Opinion and Order,
10/29/10, at 12.

- 4 -

contribution to LETWO. *Id.* at 20-24. The panel also upheld the trial court's termination of Mrs. Agostinelli's interest in LETWO. *Id.* at 24-26. Notably, the Edwardses never challenged the trial court's decision to credit Mrs. Agostinelli with her 50 percent interest in the company. The panel remanded the case for further proceedings "consistent with this decision and for award of simple interest on conversion damages." *Id.* at 29.

On remand, the trial court held an evidentiary hearing on May 9, 2012, wherein the court heard evidence on damages arising from Mr. Agostinelli's fraud and the appropriate calculation of simple interest on the conversion damages. Following this evidentiary hearing, on February 7, 2013, the trial court, *inter alia*, determined that Mrs. Agostinelli would not receive credit for her 50 percent interest in LETWO because she had personally benefitted by converting LETWO funds. Trial Court Opinion and Order, 2/7/13, at 5-6. As a result, the trial court awarded damages to LETWO in the amount of $226,174.92,[3] but did not require her to make a monetary capital contribution to LETWO. *Id.* at 6-7.

On February 21, 2013, the Edwardses filed a motion for reconsideration of the February 7, 2013 order. On March 8, 2013, the Agostinellis filed a combined motion to reopen the record and motion for reconsideration of the February 7, 2013 order. That same day, and within

---

[3] The trial court again did not change the amount that it required the Agostinellis to pay Dr. Edwards and Jon. *See* Opinion and Order, 2/7/13, at 6-7.

- 5 -

the 30 days during which the trial court had jurisdiction to do so, the trial court expressly granted the Agostinelli's motion for reconsideration. Subsequently, on March 14, 2013, the Edwardses filed a motion to strike the Agostinellis' motion to reopen the record and motion for reconsideration in which the Edwardses attacked the Agostinellis' motion for reconsideration as an untimely post-trial motion. **See** Plaintiffs' Motions to Strike Defendants' Motion to Reopen the Record and Motion for Reconsideration of the February 7, 2013 Order, 3/14/13, at ¶¶ 2-3. The trial court held a hearing on these motions on March 25, 2013.

On June 14, 2013, the trial court entered an opinion and order in which it held:

> As a preliminary matter, [the Edwardses'] motion to strike [the Agostinellis'] motion to reconsider and reopen as untimely under [Rule] 227.1 is denied. Rule 227.1 provides for post-trial relief 'after trial.' Pursuant to its plain language, the rule does not apply to evidentiary hearings, like the post-remand damages hearing in this case, that fall short of a full trial. **See Newman Dev. Group of Pottstown, LLC v. Genuardi's Family Markets, Inc.**, 52 A.2d 1233 (Pa. [2012]).

Trial Court Opinion and Order, 6/14/13, at 2. The trial court also increased the amount the Agostinellis were required to pay LETWO to $278,237.15,[4]

---

[4] The trial court made this change due to omissions as well as mathematical and clerical errors that it made in its February 7, 2013 order. Trial Court Opinion and Order, 6/14/13, at 3. Additionally, this opinion and order did not change the amount that the trial court required the Agostinellis to pay Dr. Edwards and Jon. **See id.** at 5.

again without requiring Mrs. Agostinelli to make a monetary capital contribution. *Id.* at 4-5. The trial court did not alter its original order to the extent that Mrs. Agostinelli was not credited with her interest in LETWO. On July 12, 2013, Mrs. Agostinelli filed the instant appeal from the June 14, 2013 order. On August 20, 2013, the trial court ordered Mrs. Agostinelli to file a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b)(1). On September 6, 2013, Mrs. Agostinelli filed her 1925(b) statement in compliance with the trial court's order and Rule 1925(b). On appeal, Mrs. Agostinelli raises the following issues for review:

> 1) DID THE TRIAL COURT COMMIT AN ERROR OF BOTH LAW AND FACT IN ATTRIBUTING THE FRAUD COMMITTED BY HER HUSBAND TO [MRS.] AGOSTINELLI?
>
> 2) DID THE TRIAL COURT COMMIT AN ERROR OF LAW AND VIOLATION OF THE OPERATING AGREEMENT WHEN IT EXPELLED [MRS.] AGOSTINELLI FROM MEMBERSHIP OF LETWO, LLC WITHOUT PROPERLY CREDITING HER WITH HER 50% SHARE IN THE CORPORATION, UNJUSTLY ENRICHING THE REMAINING MEMBERS WITH ALL THE ASSETS OF LETWO, LLC (VALUED AT LEAST AT $480,693.48)?
>
> 3) DID THE TRIAL COURT COMMIT AN ERROR OF LAW IMPROPERLY INTERP[RE]TING THE SUP[E]RIOR COURT[']S DECISION AFTER REMAND, DENYING [MRS.] AGOSTINELLI PROPER CREDIT FOR HER SHARE.

Mrs. Agostinelli's Brief at 4.[5]

Prior to discussing the merits of the issues raised on appeal, we must first determine whether Mrs. Agostinelli has waived her allegations of error by failing to file post-trial motions following the proceedings on remand. On July 30, 2013, this Court entered an Order directing Mrs. Agostinelli to show cause "as to why this appeal should not be quashed" pursuant to Pennsylvania Rule of Civil Procedure 227.1, which requires the filing of post-trial motions in certain circumstances in order to preserve issues for appeal. Order, 7/30/13, at 1-2. On August 5, 2013, Mrs. Agostinelli filed her response to this Order. In her response, because the Edwardses raised the issue of her failure to file post-trial motions in the trial court, Mrs. Agostinelli relied on the trial court's application of **Newman**, in which the trial court determined that Rule 227.1 "does not apply to evidentiary hearings, <u>like the post-remand damages hearing in this case</u>, that fall short of a full trial." Response Letter, 8/5/13, at 1 (quoting Trial Court Opinion and Order, 6/14/13, at 2) (emphasis in original). Upon receipt of Mrs. Agostinelli's letter, this Court discharged the July 30, 2013 Order that same day, referring the issue to the merits panel.

Pennsylvania Rule of Civil Procedure 227.1(c) requires the filing of post-trial motions "within ten days after (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or (2)

---

[5] We reordered the issues that Mrs. Agostinelli raises for ease of review.

notice of nonsuit or the filing of the decision in the case of a trial without jury." Pa.R.C.P. 227.1(c). Rule 227.1(b)(2) further provides that

> post-trial relief may not be granted unless the grounds therefor . . . are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

Pa.R.C.P. 227.1(b)(2). Moreover, Pennsylvania Rule of Appellate Procedure 302(a) states that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). In regards to the interplay between Civil Rule 227.1 and Appellate Rule 302(a), our Supreme Court stated:

> Civil Rule 227.1 addresses waiver at the trial court level, as a matter of the trial court's post-trial power. Appellate Rule 302, entitled 'Requisites for Reviewable Issue,' enforces the waiver consequence as an appellate matter, establishing the general rule that 'Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.' Pa.R.A.P. 302(a).

***Newman***, 52 A.3d at 1246 n.5.

The instant matter involves Mrs. Agostinelli's failure to file post-trial motions following remand proceedings. The Supreme Court of Pennsylvania in ***Newman*** recently addressed the applicability of Rule 227.1 to an appeal from an order following a remand proceeding, specifically, "where an appellant files post-trial motions after the trial court's original verdict, but not to a later order resulting from a remand proceeding ***where no new***

***evidence was taken***." ***Id.*** at 1245 (emphasis added). The Court in

***Newman*** sought to determine whether the remand proceeding in question

constituted a trial, triggering the application of Rule 227.1. ***Id.*** at 1247.

The Supreme Court in ***Newman*** described the post-appeal procedural

history of that case as follows:

> [The Superior] [C]ourt affirmed the trial court's determination on liability, *i.e.*, that appellants had breached their lease with Newman, but found that the trial court had not properly calculated damages because it failed to enforce the lease agreement's measure of damages provision. The panel remanded to the trial court with a general directive to conduct further proceedings 'consistent with' its memorandum decision, without any specific directive or indication concerning the type or scope of proceeding that would occur upon remand.
>
> \* \* \*
>
> The trial court read the Superior Court's remand as a directive to recalculate damages based upon the existing record and the undisputed terms of the lease[.]

***Id.*** On remand, the trial court heard no evidence prior to recalculating

damages. ***Id.*** at 1238. Neither party filed any post-trial motions following

the entry of the new judgment. ***Id.*** The appellants appealed the new

calculation of damages to this Court. ***Id.*** This Court quashed the appeal for

failing to file post-trial motions pursuant to Rule 227.1(c), resulting in waiver

of all issues raised on appeal. ***Id.***

In reversing the Superior Court's decision, the Supreme Court discussed the reasoning of *Lenhart v. Travelers Insurance Co.*, 596 A.2d 162, 163 (Pa. Super. 1991). *See Newman*, 52 A.3d at 1249-51. It further differentiated the case of *Cerniga v. Mon Valley Speed Boat Club, Inc.*, 862 A.2d 1272, 1273 (Pa. Super. 2004), from the circumstances before it. *See Newman*, 52 A.3d at 1249-51.

*Lenhart* involved an appeal from a trial court's decision based solely on the record and briefs. *Lenhart*, 596 A.2d at 163-64. Neither party presented any evidence to the trial court. *Id.* at 164. Our Court rejected the appellee's contention that the appellant had waived the issues raised on appeal for failing to file post-trial motions under Rule 227.1(b). *Id.* We held that because

> the decision by the trial court was based solely on its consideration of the record, without the introduction of any evidence, it clearly is an order either disposing of what in effect were cross-motions for summary judgment or at the very least, an order entered in a proceeding that did not constitute a trial.

*Id.* Thus, we concluded that post-trial motions were not required under Rule 227.1. *Id.*

In *Cerniga*, following the filing of post-trial motions, the appellant appealed the verdict and our Court vacated the trial court's order remanding the case "with instructions that the court make additional findings of fact and conclusions of law." *Cerniga*, 862 A.2d at 1274. On remand, the trial court

- 11 -

made the ordered additional factual findings and legal conclusions. *Id.*

Prior to appeal from the remand proceedings, the appellant did not file any

post-trial motions. *Id.* We found as follows:

> By failing to file post-trial motions to the trial court's new order, which was based on these new factual findings and conclusions of law, [the appellant] frustrated the purpose of Rule 227.1 and deprived the trial court of an opportunity to correct any errors in its new ruling, albeit one that was consistent with its prior ruling. Indeed, some of the issues which [the appellant] now raises on appeal specifically involve the additional factual findings and legal conclusions entered by the trial court on remand.

*Id.* at 1274-75. Therefore, this Court ruled that the appellant had failed to

preserve any issues for review and quashed the appeal. *Id.* at 1275.

*Cerniga* instructed that the failure to file post-trial motions following an

order on remand in which the trial court made additional factual findings and

conclusions of law is grounds for waiver of issues on appeal. *Id.* at 1274-

75. *Cerniga* was the basis for this Court's decision in the vacated *Newman*

decision. *Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Family*

*Mkt.*, 18 A.3d 1182, 1188 (Pa. Super. 2011), *vacated*, 52 A.3d 1233 (Pa.

2012).

Examining *Lenhart* and *Cerniga*, the Supreme Court in *Newman*

ruled as follows:

> Looking to *Lenhart* and *Cerniga*, not for guidance as to the actual scope of Rule 227.1 as conveyed by its language, but rather for what those decisions reasonably conveyed to practicing attorneys

regarding what triggers the post-trial motion requirement of the Rule in remand scenarios, we believe that the waiver holding below cannot stand. ***Cerniga*** stressed that the remand produced 'new' and 'additional' factual findings and conclusions of law. A party or attorney reading ***Lenhart*** and ***Cerniga*** could reasonably conclude that a remand proceeding before the trial court that does not involve taking new evidence or resolving a new factual dispute is not a trial within the meaning of Rule 227.1, and does not require the filing of new post-trial motions. Such a reading is buttressed by the Official Note's advice that post-trial motions are not required in response to 'other proceedings which do not constitute a trial.' And, even if this were not the best reading of the Superior Court decisional law, the fact remains that the argument forwarded here concerning the proper scope of Rule 227.1 is an argument that was not forwarded in ***Cerniga***, and that is enough to take this case out of that decisional rule.

In short, we harbor no doubt that, under the Superior Court's own decisional law, this was not an appropriate case to find that Rule 227.1 required the filing of post-trial motions. But, having said that, we stress that our task encompasses more than merely interpreting and aligning the decisional law of the lower courts concerning our Civil Rules. Our primary holding remains that, notwithstanding the interpretation of the Superior Court which was powered by its accurate estimation of the Rule's overriding purpose, ***the proper interpretation of the Rule is that it does not purport to address the remand scenario, and thus a party cannot be faulted—upon pain of waiver—for failing to file post-trial motions to a proceeding upon remand which amounts to less than an actual trial. A remand proceeding such as the one here, that relies on an existing record, is not a trial—even if the trial court draws different conclusions from that record to comport with an appellate court's directive. Thus, the remand***

- 13 -

> ***proceeding in this instance, where the trial
> judge merely reached a different damage
> calculation based upon facts and contract
> terms already in the record, was not a 'trial,'
> and Rule 227.1 does not apply.***

***Newman***, 52 A.3d at 1250-51 (emphasis added). Therefore, based on this analysis, the Supreme Court vacated the decision of the Superior Court and remanded the case to this Court for a consideration of the merits of the appeal. ***Id.***

The Supreme Court in ***Newman*** did not explicitly overrule ***Cerniga***. ***See id.*** at 1251. We conclude, however, that the Supreme Court implicitly did so. ***Cerniga***, in which an appeal was quashed for failure to file post-trial motions, did not involve a remand proceeding where new evidence was introduced. ***See Cerniga***, 862 A.2d at 1274-75. The ***Newman*** Supreme Court ruled as follows: "a remand proceeding before the trial court that does not [1] involve taking new evidence or [2] resolv[e] a new factual dispute is not a trial within the meaning of Rule 227.1, and does not require the filing of new post-trial motions." ***Newman***, 52 A.3d at 1251. Thus, it is apparent from ***Newman*** that if, on remand, a trial court relies on the existing record to draw conclusions consistent with the remand directive, post-trial motions are not required prior to a party appealing the remand decision to this Court. ***Id.*** at 1251. ***Cerniga*** cannot withstand scrutiny in light of this holding. ***See Cerniga***, 862 A.2d at 1274-75.

In the wake of **Newman**, it is unclear what remand proceedings require the filing of post-trial motions to preserve matters for appeal. For example, there would appear to be no question that, if our Court were to remand a case for a new trial, the proceedings that would take place on remand would be a trial and Rule 227.1 would apply. However, the instant matter falls into a gray area.

First, in this case, on remand, the trial court held an evidentiary hearing in which much of the evidence was evidence that the trial court had already heard during the original trial. N.T., 5/9/12, at 12-36. The purpose of the evidentiary hearing was for the trial court to determine the damages that the Edwardses were entitled to based on our Court's determination that Mr. Agostinelli had committed fraud. **See id.** at 4. The trial court heard evidence from Dr. Edwards, who testified regarding the several categories of loans he took out in both his and LETWO's name from which the Agostinellis received the proceeds. **Id.** at 10. Dr. Edwards further testified that the Agostinelli's paid their son's landscaping company for work that it never completed on Barnbridge. **Id.** at 21. The only new evidence that Dr. Edwards introduced at this evidentiary hearing was that he had to take out and pay interest on personal loans in order complete work on Barnbridge because LETWO's bank became aware that the Agostinellis took out a loan against Barnbridge and used those funds for personal expenses. **See id.** at 34-37. As a result, most of the new damages calculations that the trial

court made on remand were the result of evidence that was already part of the original record.

Second, the record reflects that the trial court, on remand, resolved factual disputes, including the new calculations of damages. *See* Opinion and Order, 2/7/13, at 6-7; Opinion and Order, 6/14/13, at 4-5; *see also* ***Hatwood v. Hosp. of the Univ. of Pennsylvania***, 55 A.3d 1229, 1240 (Pa. Super. 2012), *appeal denied*, 65 A.3d 414 (Pa. 2013) (stating that the calculation of damages is a question of fact). The trial court also made a new conclusion of law. A dispute arose on remand regarding the time from which the trial court should calculate the six percent simple interest awarded by this Court. Trial Court Opinion and Order, 2/7/13, at 3-4; *see also* ***Agostinelli***, 223 MDA 2011, at 17. The Agostinellis argued that the trial court should have calculated the interest from June 17, 2010, the date when the trial court entered its original order awarding LETWO, Dr. Edwards, and Jon damages. Opinion and Order, 2/7/13, at 3. The Edwardses contended that the trial court should calculate the interest from the dates the Agostinellis deprived LETWO, Dr. Edwards, and Jon of the converted funds. *Id.* at 3-5. The trial court found that the Edwardses were entitled to interest from the date the Agostinellis deprived them of the converted funds as a matter of law. *Id.* (citing ***Spang & Co. v. USX Corp.***, 599 A.2d 978, 984 (Pa. Super. 1991)). This determination required the trial court to make factual findings and conclusions of law.

Third, the record reflects that the Edwardses intended for their February 21, 2013 motion for reconsideration, filed after the February 7, 2013 opinion and order on remand, to be a motion for post-trial relief pursuant to Pennsylvania Rule of Civil Procedure 227.1. *See* Plaintiffs' Motions to Strike Defendants' Motion to Reopen the Record and Motion for Reconsideration of the February 7, 2013 Order, 3/14/13, at ¶ 1. In their motion to strike, the Edwardses stated that they filed their February 21, 2013 motion for reconsideration pursuant to Rule 227.1. *See id.* However, the Edwardses filed their motion on February 21, 2013, more than 10 days after the filing of the February 7, 2013 order. The Edwardses incorrectly argued that their motion for reconsideration was a timely post-trial motion, asserting that they did not receive notice of the February 7, 2013 order until February 11, 2013. *See id.* However, Rule 227.1 requires parties to file post-trial motions within 10 days of "the filing of the decision in the case of a trial without jury." *See* Pa.R.C.P. 227.1(c)(2). The date of filing is the date "the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)." Pa.R.A.P. 108(b). The Edwardses attempted to argue that the trial court should have stricken the Agostinellis' motion for reconsideration because it was an untimely post-trial motion. *See* Plaintiffs' Motions to Strike Defendants' Motion to Reopen the Record and Motion for Reconsideration of the February 7, 2013 Order, 3/14/13, at ¶¶ 2-3. In contrast, at the March 25, 2013 hearing on the

- 17 -

Agostinellis' motion for reconsideration, the Agostinelli's attorney asserted that the ***Newman*** Court held that post-trial motions are not required absent a "full blown trial." N.T., 3/25/13, at 11. The trial court relied on ***Newman*** in its June 14, 2013 opinion and order, holding that Rule 227.1 "does not apply to evidentiary hearings, like the post-remand damages hearing in this case, that fall short of a full trial." Trial Court Opinion and Order, 6/14/13, at 2.

Therefore, in this case, we encounter a situation where the trial court held an evidentiary hearing on remand and in which the trial court relied heavily on the existing record to make new findings of fact and conclusions of law. The Edwardses believed that Rule 227.1 required them to file post-trial motions in order to preserve issues for appeal. Conversely, both the trial court and the Agostinelli's asserted that ***Newman*** forecloses the requirement of post-trial motions on remand where the proceedings fall short of a full trial. The fact the trial court relied heavily on the existing record in making new findings of fact and conclusions of law on remand, and the inherent confusion resulting to all parties involved in this case in their attempt to interpret the ***Newman*** decision, we cannot say that Rule 227.1 required the filing of post-trial motions in this case. While the trial court on remand relied in part on an existing record but also heard testimony from a witness who was cross-examined, we cannot say with any certainty that this was an "actual trial" as envisioned by the ***Newman*** court. ***Newman***, 52

A.3d at 1250-51. Thus, we conclude that where, as here, on remand, the trial court relies on both the record existing prior to the appeal and new evidence to reach a decision, post-trial motions are not required to preserve issues for appeal.

We now turn to the merits of the case before us. Our standard of review for non-jury proceedings is as follows:

> Our review in a non-jury case is limited to whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. We must grant the court's findings of fact the same weight and effect as the verdict of a jury and, accordingly, may disturb the non-jury verdict only if the court's findings are unsupported by competent evidence or the court committed legal error that affected the outcome of the trial. It is not the role of an appellate court to pass on the credibility of witnesses; hence we will not substitute our judgment for that of the fact[-]finder. Thus, the test we apply is not whether we would have reached the same result on the evidence presented, but rather, after due consideration of the evidence which the trial court found credible, whether the trial court could have reasonably reached its conclusion.

*Lynn v. Pleasant Valley Country Club*, 54 A.3d 915, 919 (Pa. Super. 2012).

In the first issue Mrs. Agostinelli raises on appeal, she claims that the trial court erred by attributing to her the fraud committed by her husband. Mrs. Agostinelli's Brief at 4. After reviewing the certified record, we conclude that the trial court never attributed the fraud committed by Mr. Agostinelli to

Mrs. Agostinelli, and thus Mrs. Agostinelli misstates the trial court's rationale in this regard.

In the original opinion and verdict entered on June 17, 2010, the trial court determined that the Agostinellis had personally benefitted from their conversion of LETWO funds. Trial Court Opinion and Verdict, 6/17/10, at 7, 11. Likewise, on remand, the trial court found that "it would be inequitable to provide Mrs. Agostinelli with [] 50% of [] LETWO's assets when [Mr.] Agostinelli defrauded [the Edwardses] and used funds from LETWO for the benefit of he and [Mrs. Agostinelli]. Trial Court Opinion and Order, 2/7/13, at 6. Thus, the trial court never attributed Mr. Agostinelli's fraud to Mrs. Agostinelli; it merely found, as it did in the June 17, 2010 opinion and verdict, that she benefitted from converted funds.

Moreover, the Agostinellis never challenged in their post-trial motions the finding from the June 17, 2010 opinion and order that Mrs. Agostinelli had personally benefitted from their conversion of LETWO funds. Rule 227.1(b)(2) provides that a party waives those issues that they do raise in post-trial motions. Pa.R.C.P. 227.1(b)(2). As a result, Mrs. Agostinelli waived any issue relating to the trial court's finding that they jointly benefitted from the conversion of LETWO's funds and the issue cannot properly be raised at this juncture. *See* Pa.R.C.P. 227.1(b)(2). Therefore, Mrs. Agostinelli is not entitled to relief on this issue.

In the second and third issues raised by Mrs. Agostinelli, she claims that the trial court erred by divesting her of her 50 percent share in LETWO on remand. Mrs. Agostinelli's Brief at 4. Based upon our review of the certified record, we conclude that the trial court erred by not crediting Mrs. Agostinelli with her 50 percent share in LETWO on remand.

In the trial court's original opinion and verdict, prior to the parties' first appeal, the trial court found that LETWO had $480,693.48 in assets and that Mrs. Agostinelli was entitled to 50 percent of those assets, or $240,346.74. Trial Court Opinion and Verdict, 6/17/10, at 12. The trial court also found that the Edwardses had a combined capital account of $283,239.89 and that the Agostinellis had a negative capital account of $186,224.92, which represented the amount of money they converted from LETWO. *Id.* The trial court applied Mrs. Agostinelli's 50 percent interest ($240,346.74) towards evening out her capital account with the Edwardses and repaying the money the Agostinellis had converted from LETWO. *Id.* In the October 29, 2010 opinion and order, the trial court terminated Mrs. Agostinelli's interest in LETWO because it had already credited her with the value of that interest. Trial Court Opinion and Order, 10/29/10, at 9-10, 12.

However, the Edwardses never challenged the trial court's decision to credit Mrs. Agostinelli with a 50 percent interest in LETWO in their Rule 1925(b) statement in their first appeal. Rule of Appellate Procedure 1925(b)(4) provides that where a trial court orders a concise statement of

errors complained of on appeal, "[i]ssues not included in the [s]tatement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4). In this case, prior to the first appeal, the trial court ordered a 1925(b) statement from both the Edwardses and the Agostinellis, and the Edwardses never raised the issue of the trial court's decision to credit Mrs. Agostinelli with a 50 percent interest in LETWO.

Moreover, on appeal, when the Agostinellis raised a challenge to the trial court's dissolution of LETWO, our Court found that the trial court had not dissolved LETWO, but rather had terminated Mrs. Agostinelli's interest in the company. **Agostinelli**, 223 MDA 2011, at 24-26. Because the Edwardses never challenged the trial court crediting Mrs. Agostinelli with her 50 percent interest, our Court did not address the issue in the first appeal or alter the trial court's determination crediting her with her interest in the company. Upon concluding its decision, our Court remanded the case "for further proceedings consistent with this decision and for award of simple interest on conversion damages." **Id.** at 29. "It is well-settled that a trial court must strictly comply with the mandate of the appellate court." **Nigro v. Remington Arms Co., Inc.**, 637 A.2d 983, 988 (Pa. Super. 1993), *abrogated on other grounds*, **Aldridge v. Edmunds**, 750 A.2d 292 (Pa. 2000); **see also Gocek v. Gocek**, 612 A.2d 1004, 1009 n.7 (Pa. Super. 1992) (stating "on remand, the scope of inquiry should not exceed the perimeters set forth herein"). Thus, the trial court could not divest Mrs.

Agostinelli of her 50 percent interest in LETWO on remand and it erred by doing so.

In the trial court's June 14, 2013 opinion and order, the last amended order the trial court issued on remand, it determined that the Agostinellis owed LETWO $278,237.15 in damages and that Mrs. Agostinelli was not required to make a monetary capital contribution to LETWO in accordance with our Court's March 12, 2012 memorandum decision. Trial Court Opinion and Order, 6/14/13, at 4. Based on our determination that the trial court erred by divesting Mrs. Agostinelli of her 50 percent interest in LETWO, or $240,346.74, we now credit her with that interest. After subtracting the $240,346.74 from the $278,237.15 in damages that the Agostinellis owe LETWO, we determine that the appropriate damage award to LETWO is $37,890.41.

Based on the foregoing we conclude that Rule 227.1 did not require Mrs. Agostinelli to file post-trial motions in order to preserve issues for review in this case. We further conclude that the trial court erred by divesting Mrs. Agostinelli of her 50 percent interest in LETWO on remand since this was outside of the scope of the remand order. Therefore, we credit her with that interest, or $240,346.74. After applying that amount against the $278,237.15 damage award to LETWO, the appropriate damage award owed to LETWO is $37,890.41.

Order affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2014