J-S41042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: RELINQUISHMENT OF B.L., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: J.L., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 595 MDA 2019 |

Appeal from the Order Entered December 31, 2018
In the Court of Common Pleas of Lackawanna County Orphans' Court at
No(s):  A-30-2017

BEFORE:   LAZARUS, J., MURRAY, J., and STRASSBURGER, J.[*]

DISSENTING STATEMENT BY LAZARUS, J.:          **FILED OCTOBER 29, 2019**

I respectfully dissent.  I would remand for compliance with this Court's order of December 3, 2018.

In our December 3, 2018 order, this Court vacated the order terminating Father's parental rights and remanded for the determination of whether a conflict existed between child's legal interests and best interests.  As the majority has noted, "the orphans' court and the GAL seemingly did nothing to address this Court's concerns at the remand hearing on December 27, 2018."  Majority Memorandum, at 3 n.5.  Significantly, the majority states "[t]he failure of the orphans' court and the GAL to address our concerns is particularly problematic because the testimony presented at the termination

_____

[*] Retired Senior Judge assigned to the Superior Court.

hearing on November 16, 2017, is suggestive of a potential conflict of interest." **Id.** I disagree with the Majority's suggestion that this Court's decision in **In re Adoption of K.M.G.**, 2019 PA Super 281 (Pa. Super. filed Sept. 13, 2019) (en banc), precludes us from enforcing a remand order that was entered prior to the **K.M.G.** decision.

A trial court has "an obligation to comply scrupulously, meticulously, and completely with an order of [the appellate court] remanding a case to the trial court." **Carmen Enterprises, Inc. v. Murpenter, LLC**, 185 A.3d 380, 389 (Pa. Super. 2018) (citation omitted). **See Agostinelli v. Edwards**, 98 A.3d 695 (Pa. Super. 2014) (on remand, trial court must strictly comply with mandate of appellate court). In my opinion, the trial court's failure to comply with our remand order requires remand once again.