COMMONWEALTH of Pennsylvania,
Appellee

v.

Jose ALVAREZ–HERRERA, Appellant.

Superior Court of Pennsylvania.

Submitted May 16, 2011.

Filed July 7, 2011.

Anthony J. Tambourino, Public Defender, York, for appellant.

Thomas L. Kearney, III, Assistant District Attorney, York, for Commonwealth, appellee.

BEFORE: PANELLA, SHOGAN and COLVILLE*, JJ.

OPINION BY COLVILLE, J.:

This case is a direct appeal from judgment of sentence. Appellant raises multiple arguments involving the interpretation of 18 Pa.C.S.A. § 6105 (persons not to possess a firearm), the statute under which he was convicted. None of his arguments has merit. We affirm the judgment of sentence.

A witness saw Luis Torres take a firearm from Appellant's waistband and shoot at several individuals. At some point thereafter, when Appellant was questioned by police, he showed a purported Pennsylvania identification card which the officer did not recognize as any type of valid Pennsylvania ID. The officer then searched various databases without being able to find information relating to Appellant. Appellant spoke broken English and indicated he was a Mexican who was in the United States illegally. Witness testimony indicated Appellant had been in this country for at least six months.

The Commonwealth charged Appellant with violating 18 Pa.C.S.A. § 6105 by being an illegal alien in unlawful possession of a firearm. After a jury trial, he was convicted and sentenced. Thereafter, he filed this timely appeal.

■ As we indicated *supra*, Appellant's arguments involve statutory interpretation. Statutory interpretation is a question of law and, as such, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Arroyo*, 991 A.2d 951, 955 n. 2 (Pa.Super.2010).

■ In his first theory, Appellant maintains that Subsection (a)(2)(i) of the statute in question describes an element of the offense and that the Commonwealth failed to prove that element. Because Subsection (a)(2)(i) does not set forth an element but, rather, provides for an affirmative defense, Appellant's theory fails.

The pertinent parts of the statute are:

§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms

(a) Offense defined.—

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

(2)(i) A person who is prohibited from possessing, using, controlling, selling, transferring or manufacturing a firearm under paragraph (1) or subsection (b) or (c) shall have a reasonable period of time, not to exceed 60 days from the date of the imposition of the disability under this subsection, in

---

* Retired Senior Judge assigned to the Superior Court.

which to sell or transfer that person's firearms to another eligible person who is not a member of the prohibited person's household.

\* \* \* \* \* \*

(c) Other persons.—In addition to any person who has been convicted of any offense listed under subsection (b), the following persons shall be subject to the prohibition of subsection (a):

\* \* \* \* \* \*

(5) A person who, being an alien, is illegally or unlawfully in the United States.

18 Pa.C.S.A. § 6105(a)(1), (2)(i), (c)(5).[1]

We are to interpret a statute based on the clear meaning of its words. 1 Pa. C.S.A. § 1921(b). Subsection (a)(1) of 18 Pa.C.S.A. § 6105 states clearly that various persons are not permitted to possess or otherwise control firearms. Subsection (a)(2)(i) affords those prohibited persons a reasonable opportunity to dispose of their firearms after those persons have come under the prohibition of Subsection (a)(1). Indeed, Subsection (a)(2)(i) begins with the words "A person who is prohibited from possessing ... a firearm under paragraph (1) or subsection (b) or (c)...." 18 Pa. C.S.A. § 6105(a)(2)(i). Thus, by the time the reader reaches Subsection (a)(2)(i), the prohibition has already been imposed. Accordingly, the legal prohibition—the legal disability—created by 18 Pa.C.S.A. § 6105(a) is that a person who has been convicted of one of the offenses in Subsection (b) or who falls into one of the categories of Subsection (c) may not possess or otherwise control a firearm. The elements of the offense in question are therefore: (1) that the person has been convicted of an offense listed in Subsection (b) and/or falls into one of the categories of Subsec-

tion (c); and (2) that the person possesses or otherwise controls a firearm.

We conclude that the reasonable opportunity afforded by Subsection (a)(2)(i) is not an element but, instead, is in the nature of a defense to the elements of Subsection (a)(1). The defense would be available to persons who were disqualified from gun possession/control by Subsection (a)(1) but who did not yet have a reasonable opportunity to dispose of their firearms.

We recognize Subsection (a), which encompasses both Subsections (a)(1) and (a)(2), is headed "Offense defined." 18 Pa.C.S.A. § 6105(a). As such, one might initially think the elements of the crime consist of both subsections. However, headings or titles contained in statutory provisions, while they can be helpful in the interpretation of those provisions, are not controlling. 1 Pa.C.S.A. § 1924. We find the heading does not control over the clear statutory language which imposes a legal prohibition based on membership in one of the prohibited groups under Subsections (b) or (c) and possession or other control of a firearm.

■ Appellant poses an alternative claim. He contends that, even if Subsection (a)(2)(i) provides for a defense, the defense in question is intended to negate an element of the offense, there was record evidence of the defense, and the Commonwealth failed to disprove the defense. Appellant expands his argument by discussing the ways the burden of proof may be allocated depending on whether a defense negates an element of the offense or relieves a defendant of criminal liability without negating an element.

Appellant's argument fails simply because there was no evidence of the defense

---

**1.** The remaining parts of Subsection (c), as well as Subsection (b), list numerous legal disabilities, such as convictions for various offenses, which trigger the statute.

under Subsection (a)(2)(i). To show there was such evidence, Appellant points to testimony from a York County records custodian who indicated a federal immigration detainer was placed on Appellant shortly after he was arrested. During her cross examination, the custodian eventually admitted the detainer did not establish conclusively that Appellant was an illegal alien but, instead, showed that he was under investigation for being one.

The examination of the custodian did not produce evidence of the defense in question—specifically, that Appellant **lacked** a reasonable opportunity to dispose of the weapon after having become an illegal alien. It is true that the Commonwealth did not prove Appellant **did** have a reasonable opportunity, but the Commonwealth had no burden to prove the absence of the affirmative defense in this case. There was no evidence of the defense from any source, and, consequently, that defense could not be successful. *See Commonwealth v. Weis*, 416 Pa.Super. 623, 611 A.2d 1218, 1224 (1992).

■ Appellant next complains the court essentially set some threshold legal requirement that he testify in order for there to be record evidence of the affirmative defense that he never had a reasonable opportunity to dispose of the firearm after having become an illegal alien. He is wrong.

■ An affirmative defense may be introduced from any source, Commonwealth or defense. *Id.* Thus, there is no general rule that a defendant needs to testify, or even needs to call defense witnesses, to have such evidence introduced. Where Appellant's claim fails, though, is that the court did not require him to testify or call witnesses to introduce defensive evidence. After the Commonwealth rested, the court properly observed there was no record evidence of the defense in ques-

tion. The court then advised Appellant that, if he wanted to avail himself of the defense, there would have to be some evidence of it. These comments by the court were accurate assessments of the status of the case at that point in time.

It is true that Appellant then indicated he would not testify, and the court conducted a waiver colloquy. Thus, the context of the court's foregoing comments indicate the court and the parties did have in mind the issue of whether Appellant would testify regarding the defense. However, the court and the parties had this issue in mind not because the court had created some threshold requirement. Rather, the reality of this case was simply that no evidence of the defense had been introduced during the Commonwealth's case and, as such, Appellant had to make a choice as to whether he wanted to present the defense in his case. The court merely commented on the lack of evidence before Appellant made his decision. Appellant's complaint lacks merit.

In light of our foregoing discussion, we affirm the judgment of sentence.

Judgment of sentence affirmed.