**Lewis M. LYNN, Appellant**

v.

**PLEASANT VALLEY COUNTRY CLUB, A Non–Profit Corporation, Organized and Existing Under Pennsylvania Law; The Board of Governors: George "Huck" Rattay, President; Donna E. Malesky, Secretary/Treasurer; Richard C. Joban, Sr.; Thomas A. Havadich; and, Daniel R. Harrer, Members, Appellees.**

Superior Court of Pennsylvania.

Argued June 27, 2012.

Filed Oct. 3, 2012.

Donald J. McCue, Connellsville, for appellant.

Melinda D. Dellarose, Uniontown, for appellee.

BEFORE: OLSON, J., WECHT, J., and PLATT, J.*

* Retired Senior Judge assigned to the Superior Court.

OPINION BY WECHT, J.:

Lewis Lynn ["Appellant"] appeals from the November 7, 2011 judgment entered pursuant to a September 20, 2011 order denying post-trial relief. We affirm.

Appellant, a senior life member of Pleasant Valley Country Club ["Pleasant Valley"], requested to add his granddaughter to his membership pursuant to Article IV, Section 4, Subparagraph (f) of the club's bylaws. Pleasant Valley's board of governors ["Board"] denied the request. On December 2, 2009, Appellant filed a complaint requesting an injunction and/or declaratory judgment.

The trial court detailed the factual history as follows:

Lewis M. Lynn is an adult individual who resides at 1201 Isabella Road, Connellsville, Fayette County. Pleasant Valley Country Club is a non-profit corporation, organized and existing under the laws of the Commonwealth of Pennsylvania, with facilities at 440 Pleasant Valley Road, Connellsville, Fayette County. The remaining Defendants are officers or members of the Board of Governors of the Country Club.

According to the bylaws, Stockholders elect the Board of Governors, who are then responsible for the operation of the Country Club. All the affairs conducted for the Country Club are the responsibility of the Board of Governors, unless otherwise stated in the bylaws.

Lynn is a Senior Life Member of the Country Club pursuant to Article IV, Section 4[,] Subparagraph (f) as he is more than eighty years of age and has retained his membership with the Country Club for more than 20 contiguous years. Lynn is an "unmarried" member.

The bylaws of the Country Club, Article IV, Section 4, Subparagraph (f), provide:

> SENIOR LIFE MEMBER—A member who has retained a membership for at least twenty (20) contiguous years and attained eighty (80) years of age, is entitled to all club privileges without incurring any dues, but is required to meet all fees and assessments related to the type of membership that the member was listed under originally. In the event a member is not married, such member shall be entitled to designate someone of the opposite sex who shall be entitled to the same privileges as the member provided however that before such designated person be permitted to use club facilities such designated person must be approved by the Board of Governors.

This provision was adopted on November 20, 2000. Previous versions of this provision did not require Board approval to designate another person under the Senior Life Membership.

On April 15, 2009, Lynn made a request to the Board of Governors to add his granddaughter, Jordan Craig, to his senior membership in accordance with the bylaws. On that date, the Board of Directors met and denied Lynn's request to add his granddaughter onto his membership pursuant to the Senior Life Member provision. At the next regular meeting, on May 20 2009, a motion to reconsider Lynn's request was made, and the Board of Directors declined to take any action. Thereafter, Lynn obtained the required number of signatures to hold a Special Meeting of the Stockholders of the Country Club.

The Special Meeting was held on June 29, 2009, and by secret vote of the members present, 46 voted in disagreement with the decision of the Board of Governors and 44 voted in agreement. The Board of Governors took no action to rescind its prior decision to deny the request of Lynn to add his granddaughter to his membership. The bylaws do not allow the Shareholders to override or veto any action taken by the Board.

Trial Court Opinion ["T.C.O."], 7/13/11, 2–4 (format modified for clarity).

Following a non-jury trial, the trial court made the above-quoted factual findings, and ruled in favor of Pleasant Valley. Appellant filed a motion for post-trial relief, which the trial court denied on September 20, 2011. On November 7, 2011, Pleasant Valley filed a praecipe to enter judgment. On that same day, the trial court entered judgment and sent notice to Appellant. On November 18, 2011, Appellant filed a notice of appeal.[1] The trial court ordered Appellant to file a statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b). On December 13, 2011, Appellant timely complied.

On January 4, 2012, the trial court filed a statement in lieu of a Rule 1925(a) opinion. In that statement, the trial court opined that Appellant's appeal was untime-

---

1. The parties have briefed and argued the case before us, notwithstanding the fact that the Commonwealth Court of Pennsylvania has exclusive jurisdiction over appeals involving not-for-profit corporations. 42 Pa.C.S.A. § 762(a)(5); *see Mayflower Square Condo. Ass'n v. KMALM, Inc.*, 724 A.2d 389, 391 n. 3 (Pa.Cmwlth.Ct.1999). Pleasant Valley has not objected to this Court's exercise of jurisdiction. Pennsylvania Rule of Appellate Procedure 741(a), entitled Waiver of Objections to Jurisdiction, provides that "the failure of an appellee to file an objection to the jurisdiction of an appellate court … shall … operate to perfect the appellate jurisdiction of such appellate court." Because Pleasant Valley has not objected, our jurisdiction has been perfected. Pa.R.A.P. 741(a). *See also Commonwealth v. Scott*, 878 A.2d 874, 877 n. 3 (Pa.Super.2005).

ly. The statement further indicated that all of Appellant's arguments had been addressed previously in the court's opinion and orders dated July 13, 2011 and September 20, 2011. Statement in Lieu of Opinion Pursuant to Pa.R.A.P. 1925, at 1–2. The trial court concluded that Appellant was appealing from the September 20, 2011 opinion and order. *Id.* at 1.

■ We view the trial court's findings of untimeliness as erroneous. "Under our Appellate Rules, an appeal in a civil case in which post-trial motions are filed lies from the entry of judgment." *Billig v. Skvarla,* 853 A.2d 1042, 1048 (Pa.Super.2004) (citations omitted). Appellant has thirty days from the date that judgment was entered on the docket to file his appeal. *Calabrese v. Zeager,* 976 A.2d 1151, 1152 (Pa.Super.2009). Judgment was entered on November 7, 2011. Appellant appealed on November 18, 2011. Appellant's appeal therefore is timely.

Having determined that we properly have jurisdiction over Appellant's appeal, we proceed to assess the merits of his challenge. Appellant raises five issues for our review:

1) Did the trial court commit an error by refusing to implement the requirements of the non-profit law of Pennsylvania, 15 Pa.C.S.A. § 5751, requiring non-profit corporations to equally enforce [bylaws] as to all members of the same class.

2) Did the trial court commit an error in disregarding the applicability of prior members of the club who had been granted privileges to have members of the opposite sex admitted to the club membership pursuant to the [bylaws] of the club at article IV, Section 4, Subparagraph (f).

3) Did the trial court commit an error by denying relevance, *[sic]* the testimony of members of the club who had been granted permission to have a member of the opposite sex entitled to privileges under article IV, Section 4, Subparagraph (f).

4) Did the trial court commit an error in refusing to acknowledge and implement that the board of governors is to be operationally responsible to the membership as required by the [bylaws].

5) Did the trial court commit an error in refusing to require the Pleasant Valley Country Club to specifically approve the request of plaintiff, Lewis M. Lynn, to have his granddaughter entitled to privileges under Article IV, Section 4, Subparagraph (f).

Appellant's Brief at 5–6.

Although Appellant lists five questions for our review, his arguments with respect to issues one and two are intertwined. We address those issues together. Appellant's arguments with respect to issues three and five incorporate previous arguments by reference, with no additional discussion. *See* Appellant's Brief at 20, 24 (issue three incorporates arguments advancing issues one and two by reference; issue five incorporates arguments advancing issues one through four by reference). As a result, we dispose of these issues in our analysis of Appellant's other issues. Appellant presents an argument to support issue four. Therefore, we analyze issue four separately.

Appellant argues that Pleasant Valley violated 15 Pa.C.S.A. § 5751 by denying Appellant's request to add his granddaughter to his membership pursuant to Article IV, Section 4, Subparagraph (f) of Pleasant Valley's bylaws, reproduced above. This section of the bylaws allows an unmarried "senior life member" to designate someone of the opposite sex to enjoy the same club privileges as the mem-

ber, if the designated person is approved by the Board. Appellant argues that the Board applied this section of the bylaws in a manner inconsistent with 15 Pa.C.S.A. § 5751, which requires, among other things, that membership privileges of non-profit organizations be equally enforced as to all members of the same class. 15 Pa.C.S.A. § 5751 provides, in relevant part:

> Membership in a nonprofit corporation shall be of such classes, and shall be governed by such rules of admission, retention, suspension and expulsion, as bylaws adopted by the members shall prescribe, except that all such rules shall be reasonable, germane to the purpose or purposes of the corporation, and equally enforced as to all members of the same class. Unless otherwise provided by a bylaw adopted by the members, there shall be one class of members whose voting and other rights and interests shall be equal.

15 Pa.C.S.A. § 5751.

█ Pleasant Valley contends that all authority to manage a non-profit organization is reposed in its board of directors pursuant to 15 Pa.C.S.A. § 5721.[2] Courts are permitted to substitute their judgment for that of the board only when the board has acted in bad faith, has grossly mismanaged the organization, or has engaged in *ultra vires* acts. Pleasant Valley's Brief at 2 (citing *Anderson v. Colonial Country Club*, 739 A.2d 1118 (Pa.Cmwlth.1999)).

Our scope and standard of review in non-jury trials are well-settled:

Our review in a non-jury case is limited to whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. We must grant the court's findings of fact the same weight and effect as the verdict of a jury and, accordingly, may disturb the non-jury verdict only if the court's findings are unsupported by competent evidence or the court committed legal error that affected the outcome of the trial. It is not the role of an appellate court to pass on the credibility of witnesses; hence we will not substitute our judgment for that of the factfinder. Thus, the test we apply is not whether we would have reached the same result on the evidence presented, but rather, after due consideration of the evidence which the trial court found credible, whether the trial court could have reasonably reached its conclusion.

*Lebanon County Hous. Auth. v. Landeck*, 967 A.2d 1009, 1012 (Pa.Super.2009) (citing *Hollock v. Erie Ins. Exch.*, 842 A.2d 409, 413–414 (Pa.Super.2004) (citations and quotation marks omitted)).

Appellant claims that the Board applied the bylaw provision inconsistently. In making this claim, Appellant cites several membership transactions that occurred prior to a November 20, 2000 amendment to the bylaws. Appellant's Brief at 18–19. The trial court admitted stipulations to this pre-amendment evidence, but ultimately determined that it was irrelevant.

---

**2.** 15 Pa.C.S.A. § 5721 provides:

Unless otherwise provided by statute or in a bylaw adopted by the members, all powers enumerated in section 5502 (relating to general powers) and elsewhere in this subpart or otherwise vested by law in a nonprofit corporation shall be exercised by or under the authority of, and the business and affairs of every nonprofit corporation shall be managed under the direction of, a board of directors. If any such provision is made in the bylaws, the powers and duties conferred or imposed upon the board of directors by this subpart shall be exercised or performed to such extent and by such other body as shall be provided in the bylaws. 15 Pa.C.S.A. § 5721.

Unlike the bylaws extant at the time of the challenged action, the pre-amendment version of those bylaws did not require Board approval of new members. T.C.O. at 5. Appellant cites no authority, and furnishes no basis, that would allow us to find that the trial court's evidentiary determination in this regard was in error.

Appellant did, however, present evidence of two club members who were permitted to designate an individual to receive club privileges under the current provision of the bylaws. One member, Frank Gmitter, received board approval for his request, but the other member, James Davies ["Davies"], did not. Notes of Testimony, 5/10/11, at 20–23; T.C.O. at 5–6. Davies sought to designate his fiancé, Heather Kruppa ["Kruppa"], to receive membership privileges, but the Board took no action.[3] *Id.* Despite the absence of Board approval, Kruppa received club privileges. N.T. at 22–23. Because Davies was permitted to designate Kruppa to receive privileges without the required Board approval, while Appellant was denied, Appellant claims that the Board did not enforce the bylaws equally as to all members, in violation of 15 Pa.C.S.A. § 5751.

■ The trial court found that evidence of a single admittance without Board approval did not meet Appellant's burden of establishing that the Board acted in bad faith, engaged in gross mismanagement, or acted *ultra vires.* T.C.O. at 5–6. On appeal, Appellant does not provide us any case law that would suggest that this finding was in error. The bylaws grant the Board discretion in determining who is permitted to be designated as a member. The Board exercised this discretion in choosing to deny Appellant's request. Although not required to offer a rationale for its decision, Pleasant Valley explained that it felt that the addition of a granddaughter, as opposed to a girlfriend or fiancé, was not within the spirit of the bylaws. Pleasant Valley's Brief at 3–4.

As Appellant has not produced evidence of bad faith, gross mismanagement, or *ultra vires* acts, we will not substitute our judgment for that of the Board. *Anderson,* 739 A.2d at 1123. Appellant's first, second, third, and fifth issues lack merit. The trial court's decision to deny Appellant's request is supported by competent evidence and is free of legal error.

In his fourth issue, Appellant argues that the trial court erred in not ordering the Board to add Appellant's granddaughter to his membership in light of the vote that occurred at the June 29, 2009 Special Meeting. Appellant's Brief at 22. The trial court found that the bylaws do not permit members to override or veto any action taken by the Board. T.C.O. at 6. Accordingly, the trial court found that the member vote of June 29, 2009 was immaterial. *Id.*

Appellant cites two cases to support his argument in this regard: *Superior–Pacific Fund, Inc., Superior Tube Company, CAWSL Corp.,* 693 A.2d 248 (Pa.Cmwlth. 1997), and *City of Chester v. Chester Redevelopment Authority,* 686 A.2d 30 (Pa. Cmwlth.1996). Neither case avails him. In *Superior–Pacific,* an organization's bylaws specifically granted members the authority to make membership decisions by

---

3. Article IV, Section 4, Subparagraph (a) allows members of the club who choose "Full" membership to designate an individual of the opposite sex who shall be entitled to the same club privileges, subject to Board approval. *By-laws of Pleasant Valley Country Club,* Plaintiff's Exhibit 7, at 8. The relevant language in subparagraph (a) is identical to the language in subparagraph (f) of Section 4 (the provision pertaining to "senior life members").

majority vote. *Superior–Pacific Fund, Inc.*, 693 A.2d at 251. In *City of Chester*, the Commonwealth Court vacated a trial court's order dissolving an urban redevelopment authority. 696 A.2d at 32. That case applied provisions of the Municipal Authorities Act of 1945 that are unrelated to the case before us. The *City of Chester* case does not apply to the instant appeal. Appellant's attempt to analogize the instant dispute to these cases is unpersuasive. Appellant has presented no authority that would require the Board to defer to membership vote in the circumstances presented here. The bylaws do not contain a provision that would allow members to veto a Board decision. Appellant's fourth issue lacks merit.

The findings of the trial court are supported by competent evidence, and are free of legal error. The trial court did not err in entering judgment in favor of Pleasant Valley.

Judgment affirmed. Jurisdiction relinquished.