J.S17037/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICKY LEE SCHWICKRATH, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1334 WDA 2015 |

Appeal from the Judgment of Sentence July 30, 2015
in the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0002096-2013

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MARCH 22, 2016**

Appellant, Ricky Lee Schwickrath, appeals from the judgment of sentence of three years' probation entered in the Westmoreland County Court of Common Pleas, following his conviction for persons not to possess firearms and possession of controlled substances.[1] Appellant claims: (1) the trial court erred in convicting him of persons not to possess firearms based on an alleged 1995 change in law; (2) he was entitled to a reasonable opportunity to transfer his firearms from the date of his actual notification of the disqualification; and (3) officers lacked probable cause to search his residence pursuant to a warrant. We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105; 35 P.S. § 780-113(16).

The record, when read in a light most favorable to the Commonwealth, reveals the following. On November 26, 2012, Wildlife Conservation Officer Matthew A. Lucas and Cadet Byron Gibbs observed a male, later identified as Appellant, operating an ATV with a rifle placed between the handlebars. The officers previously received reports of a male hunting deer using an ATV and attempted to investigate. Appellant initially evaded the officers, but after further investigation, the officers followed a set of tracks to a residence and interviewed Appellant there. Additionally, the officers interviewed witnesses who indicated that a male wearing the same clothes as Appellant was operating the ATV with the rifle and had placed the rifle in the garage shortly before the officers arrived. One of the witnesses stated Appellant was a convicted felon.

Officer Lucas subsequently checked Appellant's criminal history, which revealed a prior 1987 conviction for burglary. On February 15, 2013, eighty-one days after his initial encounter with Appellant, Officer Lucas obtained a search warrant for the residence. During the search, officers seized a .30-06 caliber rifle, a .22 caliber revolver, two packets containing heroin, and six pills of dihydrocodeinone, a schedule III substance.[2] On March 25, 2013, Officer Lucas filed a criminal complaint against Appellant, charging him with persons not to possess firearms, two counts of possession

---

[2] 35 P.S. § 780-104(3).

of controlled substances, and resisting or interfering with a wildlife conservation officer.[3]

Appellant filed an omnibus pretrial motion conceding he pleaded guilty to burglary on October 19, 1987. Appellant's Omnibus Pretrial Mot., 9/20/13, at 3. However, he asserted: (1) "[i]t [was] improper to apply the current 18 Pa.C.S.[ ] § 6105 to [his] situation because it is a law passed subsequent to [his] guilty plea in 1987[;]" (2) he was "entitled to carry a firearm under 18 Pa.C.S.[ ] § 6106[(b)(9);]" (3) he was not advised he could not use a long rifle for hunting; and (4) he did not use the firearms for illegal purposes. *Id.* at 3-4. On January 3, 2014, the trial court convened a hearing, at which the Commonwealth moved into evidence the affidavit of probable cause for the search warrant and a certification that Appellant did not have a license to carry a firearm or a sportsman's firearms permit. N.T. Omnibus Pretrial Mot. H'rg, 1/3/14, at 3-6. The Commonwealth represented that the officers were available to testify if Appellant challenged the seizure of the narcotics.

Appellant did not object to the evidence presented by the Commonwealth and did not challenge the discovery of the narcotics. Instead, Appellant first claimed the charge of resisting or interfering with an officer should be dismissed because he was free to leave the encounter with the officers. *Id.* at 7. Appellant next framed his principal argument as "an

---

[3] 34 Pa.C.S. § 904(a).

ex post facto law problem" and argued his possession of firearms "became a crime in 1995 when the statute [18 Pa.C.S. § 6105] was amended." *Id.* at 6-7. Appellant testified that he was not informed he could not possess a firearm or hunt and that he obtained hunting licenses "every year." *Id.* at 13-15. Appellant's father corroborated Appellant's testimony that Appellant's parole/probation officer informed them that Appellant could go hunting with firearms that Appellant's father owned. *Id.* at 20-21.

On February 18, 2014, the trial court dismissed the charge of resisting or interfering with an officer, denied Appellant's motions to dismiss the remaining charges, and denied his motion to suppress. On September 26, 2014, Appellant proceeded to a stipulated bench trial. The parties agreed to incorporate the suppression record. N.T. Trial, 9/26/14, at 2-4. Appellant stipulated to his prior conviction for burglary and his possession of the firearms, but requested acquittal on the charge of persons not to possess firearms based on legal arguments. *Id.* at 3-5. No further testimony was presented.

On January 6, 2015, the court issued an opinion and order denying Appellant's motion for acquittal. On January 13, 2015, the court issued guilty verdicts for persons not to possess firearms and possession of controlled substances. On July 30, 2015, the court sentenced Appellant to three years' probation. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant presents four questions for review, which we have reordered as follows:

> Whether the Appellant's demurrer should have been granted in that the 1995 enactment was improperly applied retroactively to the Appellant's 1987 conviction?
>
> Whether the Appellant's conviction was based on an *ex post facto* law?
>
> Whether the Appellant's demurrer should have been granted in that the 1995 enactment provides that the Appellant be given sixty (60) days to transfer his rifles from the "imposition of disability?
>
> Whether the Appellant's conviction of possession of heroin should be dismissed?

Appellant's Brief at vi.

Preliminarily, we note that Appellant emphasizes he is not claiming a mistake of law or fact. *Id.* at 13. Further, he does not develop a due process claim based on his alleged reliance on his parole/parobation officer's representations. *See generally Commonwealth v. Kratsas*, 764 A.2d 20, 29, 32-33 (Pa. 2001). Rather, all of Appellant's arguments are premised upon his assertion that his 1987 burglary conviction did not prohibit his possession of firearms until the 1995 amendments to 18 Pa.C.S. § 6105. Appellant's Brief at 7, 9-10, 12. He cites no authority supporting this proposition, but proceeds to argue the 1995 amendments should not apply retroactively. *Id.* at 9-10. Moreover, he contends 18 Pa.C.S. § 6105(b) must be construed as permitting him to transfer his firearms within sixty days of receiving notice of the alleged new disability. *Id.* at 7-8. Lastly, he

asserts the search warrant for his residence did not establish probable cause that he was engaged in criminal conduct. *Id.* at 12. No relief is due.

Appellant's specific challenges to the legality of his conviction for persons not to possess firearms raise questions of law. The standard of review is *de novo* and the scope of review is plenary. ***Commonwealth v. Lynn***, 114 A.3d 796, 817-18 (Pa. 2015).

The Pennsylvania Uniform Firearms Act ("PUFA") has been amended several times from its codification in the Crimes Code in 1972 to the time of the underlying offense. As to the disqualifying offenses, the 1972 version of the statute provided:

### § 6105. Former convict not to own a firearm, etc.

> No person who has been convicted in this Commonwealth or elsewhere of a **crime of violence** shall own a firearm, or have one in his possession or under his control.

18 Pa.C.S. § 6105 (eff. June 6, 1973, subsequently amended June 13, 1995) (emphasis added). Section 6102 defined "crime of violence" as:

> Any of the following crimes, or an attempt to commit any of the same, namely: murder, rape, aggravated assault, robbery, **burglary**, entering a building with intent to commit a crime therein, and kidnapping.

18 Pa.C.S. § 6102 (eff. June 6, 1973, subsequently amended Dec. 19, 1988) (emphasis added).

Thereafter, on June 13, 1995, Sections 6102 and 6105 were amended by P.L. 1024, No. 17 (Spec. Sess. No. 1), § 2. Those amendments deleted

the definition of "crime of violence" in Section 6102 and restructured 6106 to read:

> **(a) Offense defined.—**A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or any of the offenses enumerated in subsection (b) or (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.
>
> **(b) Enumerated offenses.—**The following offenses shall apply to subsection (a):
>
> * * *
>
> Section 3502 (relating to burglary).

18 Pa.C.S. § 6105(a)-(b) (eff. Oct. 11, 1995, subsequently amended Nov. 22, 1995).

Our review thus reveals that burglary has been a disqualifying offense since 1972. *See* 18 Pa.C.S. §§ 6102 (eff. June 6, 1973, subsequently amended Dec. 19, 1988); 6105 (eff. June 6, 1973, subsequently amended June 13, 1995). Accordingly, Appellant's premise that his 1987 burglary conviction did not prohibit possession of firearms until the 1995 amendments lacks merit. Because Appellant's retroactivity and *ex post facto* claims presume a change in law that did not occur, they warrant no appellate relief.

We acknowledge, however, that since Appellant's 1987 conviction, there have been other changes in the law that relate to the present

conviction. Specifically, VUFA's definition of a "firearm" was amended in 1988.[4] *See* 18 Pa.C.S. § 6102 (eff. June 19, 1989); *id.* (eff. June 6, 1973, subsequently amended Dec. 19, 1988). Subsequently, the June 13, 1995 amendment set forth the current definition of a "firearm" for the purposes of Section 6105. That definition includes "any weapons which are designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon" and does not require proof of barrel length, overall length, or operability. *See* 18 Pa.C.S. § 6105(i) (eff. Oct. 11, 1995); *compare Commonwealth v. Thomas*, 988 A.2d 669 (Pa. Super. 2009), *with Commonwealth v. Layton*, 307 A.2d 843 (Pa. 1973).

Hypothetically, then, Appellant's 1987 conviction would not have precluded his possession of a rifle with a fifteen-inch barrel length when it

---

[4] As originally codified in 1972, the VUFA defined a firearm as "[a]ny pistol or revolver with a barrel less than 12 inches, any shotgun with a barrel less than 24 inches, or any rifle with a barrel less than 15 inches." 18 Pa.C.S. § 6102 (eff. June 6, 1973, subsequently amended Dec. 19, 1988). In 1988, that definition was replaced with the following:

> Any pistol or revolver with a barrel length less than 15 inches, any shotgun with a barrel length less than 18 inches or any rifle with a barrel length less than 16 inches, or any pistol, revolver, rifle or shotgun with an overall length of less than 26 inches. The barrel length of a firearm shall be determined by measuring from the muzzle of the barrel to the face of the closed action, bolt or cylinder, whichever is applicable.

18 Pa.C.S. § 6102 (eff. June 19, 1989).

was imposed. However, the 1988 amendments would have made possession of such weapon illegal. Further, the 1995 amendments would have made possession of that weapon illegal, even if the weapon was inoperable. Nevertheless, at the time of Appellant's 1987 conviction, his possession of a rifle with a barrel length less than fifteen inches or a revolver with a barrel length less than twelve inches would have been unlawful under 18 Pa.C.S. § 6105.

Instantly, Appellant presents no argument that the weapons giving rise to his conviction under 18 Pa.C.S. § 6105 became prohibited under the 1988 or 1995 changes in law.[5] Although Appellant focuses on his possession of a "long rifle," which may or may not fall within the 1972 or 1988 definitions of a firearm, his arguments fail to acknowledge that officers also recovered a revolver. Thus, even if there was a change in the law affecting his lawful possession of a "long rifle," there was no indication that the revolver had a barrel length of twelve inches or more, such that it would have been legal to possess even under the 1972 version of the VUFA.[6] Accordingly, Appellant

---

[5] In light of the June 13, 1995 amendment to the definition of a firearm, the Commonwealth was under no obligation to establish the physical dimensions of the weapons to obtain a conviction under Section 6105.

[6] Because Appellant has failed to establish a change in law affecting his prior conviction, or his present conduct and conviction, it is unnecessary to engage in a thorough due process or *ex post facto* analysis. We note, however, that federal courts have rejected such claims. **See United States v. Mitchell**, 209 F.3d 319, 322-32 (4th Cir. 2000) (discussing 18 U.S.C. § 922 and collecting cases).

has not shown that the changes in the VUFA impacted him, and we have no basis to grant relief based on Appellant's first two arguments.

As to the grace provision, Section 6105(a) was amended by P.L. 261, No. 66, § 4, on November 22, 1995, and restructured to read as follows:

**(a) Offense defined.—**

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

(2) A person who is prohibited from possessing, using, controlling, selling, transferring or manufacturing a firearm under paragraph (1) or subsection (b) or (c) shall have a reasonable period of time not to exceed 60 days **from the date of the imposition of the disability under this subsection** in which to sell or transfer that person's firearms to another eligible person who is not a member of the prohibited person's household.

18 Pa.C.S. § 6105(a)(1)-(2) (eff. Nov. 22, 1995, subsequently amended Nov. 10, 2005) (emphasis added). The grace provision is currently codified at 18 Pa.C.S. § 6105(a)(2)(i) (eff. May 9, 2006).

This Court has held that the reasonable opportunity to transfer a firearm begins to run based on "conviction of an enumerated offense." ***Commonwealth v. Appleby***, 856 A.2d 191, 194 (Pa. Super. 2004) (citation omitted). Further, the opportunity to transfer is not an element of the offense under Section 6105, but an affirmative defense.

*Commonwealth v. Alvarez-Herrera*, 35 A.3d 1216, 1218 (Pa. Super. 2011).

Appellant's suggested construction of the grace provision, arises from his contention that he had no notice of the alleged change in law. For the reasons set forth above, Appellant has not established a change in law that applied to him retroactively. Rather, a disability was imposed at the time of Appellant's conviction in 1987. To the extent the scope of the disability was broadened by the June 13, 1995 definition of a firearm, we discern no basis to disturb the trial court's determination that ignorance of the law was not a defense and the time for Appellant to avail himself of the grace provision began to run from the effective date of the provision in 1995.

Finally, in light of our previous discussions, we conclude Appellant's suppression claim, that there was no probable cause to believe he was disqualified from possessing the rifle, lacks merit.[7] Appellant was convicted of a disqualifying offense and his possession of the "long rifle" was subject to Section 6105's prohibitions when the officers observed him on the ATV. *See* 18 Pa.C.S. § 6105(i) (eff. Oct. 11, 1995); *see also Alvarez-Herrera*, 35 A.3d at 1218 (holding grace provision is not an element of the offense).

---

[7] It is well settled that a suppression court's legal ruling is subject to a *de novo* standard of review. *Commonwealth v. James*, 69 A.3d 180, 186 (Pa. 2013) (citation omitted). We note Appellant's suppression argument consisted of a single sentence incorporating his prior arguments and could be deemed waived for the failure to develop his argument. *Cf. Lynn v. Pleasant Valley Country Club*, 54 A.3d 915, 198 (Pa. Super. 2012).

Therefore, we discern no legal error in the trial court's denial of his suppression motion.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2016