J-S35011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD MORRIS | : | |
| | : | |
| Appellant | : | No. 2030 EDA 2019 |

Appeal from Judgment of Sentence Entered March 7, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008950-2017

BEFORE:   BOWES, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                **FILED NOVEMBER 20, 2020**

Richard Morris[1] appeals from his March 7, 2019 judgment of sentence of four to nine years of incarceration, followed by three years of probation, which was imposed after a jury found him guilty of possession of a firearm by a prohibited person, carrying a firearm without a license, and carrying a firearm on the public streets of Philadelphia.[2]  He challenges the sufficiency of the evidence underlying two of his convictions.  After review, we affirm.

The trial court summarized the factual history of the case as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Throughout the trial, Appellant was referred to as Robert McDonald, which was represented to be Appellant's legal name.

[2] Appellant purported to appeal from the order denying his post-trial motion. "In a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions."  **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa.Super. 2001) (_en banc_) (citation omitted).  We have amended the caption accordingly.

On July 30, 2017, Michael Norman went to a Philadelphia nightclub with his friends Ackeem Norman, Ryan Grant, and Sashee Malcolm. At roughly 5:15 in the morning, Ryan Grant and Sashee Malcolm left the nightclub to sit in the car. Michael Norman and Ackeem Norman followed approximately fifteen minutes after. As Michael and Ackeem Norman were walking to their car, Michael Norman stopped to talk to a woman outside of the nightclub. Ackeem Norman continued walking to the car. While Michael Norman was speaking with the woman, [Appellant] approached him. Michael Norman knew [Appellant] from previous interactions at parties he attended in Philadelphia. [Appellant] pulled Michael Norman to the side, walked alongside of him down the street, and put his arm around his shoulders. As they walked down the street, [Appellant] pulled out a silver-colored firearm from his pants and pressed it into Michael Norman's stomach. [Appellant] told Michael Norman "give me everything you got." Michael Norman gave him all of the money in his pockets, which was three or four thousand dollars ($3,000-$4,000). After he gave him the money, Michael Norman began walking across the street towards his car. [Appellant] and his co-defendant Khron Hall followed him across the street. Michael Norman turned around and asked the two of them, "[w]hy are you following me?" When Michael Norman turned, he saw Hall also had a firearm. [Appellant] did not respond, but instead told Hall to search Michael Norman's car. Michael Norman continued to ask the two why they were following him and what they were doing. Ackeem Norman heard the commotion and opened the passenger door. This startled [Appellant], who told Ackeem and Michael Norman to get in the car and leave. Michael Norman asked [Appellant] not to shoot, entered the driver's side of the vehicle, and reversed out of the parking lot to leave the scene.

As Michael Norman reversed out of the parking lot, [Appellant] and Hall still had their firearms pointed at the car. Michael Norman pulled his firearm from the center console and pointed his firearm back at them. [Appellant] then fired "two to four" shots at Michael Norman's vehicle. Michael Norman returned fire. [Appellant] and Hall ran into the parking lot where Michael Norman's car had been parked. Ryan Grant got out of the car and called the police, and they arrived roughly three minutes later. Police observed [Appellant] running through the parking lot with something in his hand. [Appellant] ran to a white Mitsubishi

- 2 -

Outlander and made a dipping motion next to the car before getting into the car. Police apprehended him in the car and found roughly five hundred and fifty dollars ($550) on his person. After further investigation, the police found a silver firearm underneath the white Mitsubishi.

Trial Court Opinion, 7/18/19, at 1-3 (footnotes and citations omitted).

Appellant and Khron Hall were tried together. In addition to charges of aggravated assault, robbery, conspiracy, theft by unlawful taking, and several weapons offenses, they were each charged with person not to possess a firearm. That charge was bifurcated. The jury returned its verdict on the bulk of the charges, finding Appellant guilty of two firearms charges only, and acquitting him of all other charges. The trial court then submitted the person not to possess charges to the jury on a separate verdict slip, and the jury convicted Appellant of that offense. After his sentencing on March 7, 2019, Appellant filed a post-sentence motion on March 18, 2019,[3] which was denied. Appellant timely appealed, and both Appellant and the trial court complied with their responsibilities under Pa.R.A.P. 1925.

Appellant presents two issues for our review:

A. Was there insufficient evidence to convict Appellant of carrying a firearm without a license when Appellant neither possessed a firearm in a vehicle or concealed on or about his person?

B. Was there insufficient evidence to convict Appellant of possession of a firearm prohibited person when there was no

_____

[3] The motion was timely filed within ten days of the imposition of sentence, as the tenth day, March 17, 2019, fell on a Sunday.

- 3 -

evidence presented regarding the date of conviction for the disqualifying offense?

Appellant's brief at 2.

Both of Appellant's issues on appeal involve challenges to the sufficiency of the evidence.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Fitzpatrick*, 159 A.3d 562, 567 (Pa.Super. 2017) (citation omitted).

Appellant claims first that the Commonwealth failed to prove all of the elements of 18 Pa.C.S. § 1606, carrying a firearm without a license. That statute provides, in pertinent part:

> any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his fixed place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

- 4 -

18 Pa.C.S. § 1606(a)(1). It was stipulated that Appellant did not possess a valid license to possess a firearm. He contends, however, that the Commonwealth failed to prove that he possessed a firearm while in a vehicle, or that he had a firearm concealed on or about his person. He argues that the evidence at trial established only that he dropped the firearm in question prior to entering the vehicle, and thus, that he did not possess it while inside the vehicle. *See* Appellant's brief at 6. In addition, there was no testimony that he concealed the weapon. *Id*. at 7.

The Commonwealth counters that, since Appellant was able to approach Mr. Norman and put his arm around him without causing alarm, one could reasonably infer that the gun was concealed. Furthermore, Mr. Norman observed Appellant "pull out" a gun, reinforcing the inference that the gun was initially concealed.

The trial court concluded that the evidence, together with the reasonable inferences to be drawn therefrom, was sufficient to support the conviction. We agree. Viewing the evidence and the reasonable inferences therefrom in the light most favorable to the verdict winner, as we are required to do, the evidence was sufficient to permit the jury to reasonably infer that Appellant initially concealed the firearm from Mr. Norman, and then retrieved it from his person and held it against Mr. Norman's midsection. This claim fails.

Appellant's second issue involves the sufficiency of the evidence to establish that he possessed a firearm although he was a person prohibited from

doing so. **See** 18 Pa.C.S. § 6105. He contends first that although there was a stipulation that a prior conviction rendered him ineligible to possess a firearm, it did not include any information regarding the date of his disqualifying conviction. Thus, he claims that the evidence was insufficient to permit the jury to find that he possessed a firearm more than sixty days after he became a person prohibited from possessing a firearm. **See** Appellant's brief at 8.

There is no dispute that Appellant was convicted of a disqualifying offense, namely, possession with intent to deliver a controlled substance. **See** 18 Pa.C.S. § 6105(c)(2) (providing that a person convicted of an offense punishable by a term of imprisonment exceeding two years under Pennsylvania's Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972 (P.L. 233, No. 64), or any equivalent federal or state statute, is prohibited from possessing a firearm). Appellant stipulated that he was convicted of the disqualifying offense of possession with intent to deliver a controlled substance charged at CP-51-CR-005215 of 2009. However, the Commonwealth did not offer evidence of the date of conviction.

The trial court found that the jury was able to logically infer from the fact that the charge resulting in the disqualifying conviction was filed in 2009 that the offense herein occurred more than sixty days after Appellant was convicted of that crime. While we are inclined to agree that the jury could reasonably infer that Appellant's conviction of charges filed in 2009 occurred well in excess

of sixty days before he committed the crimes herein in 2017, we need not rest our decision on that basis. The relevant portion of the person not to possess statute provides:

(a)    Offense defined.

> (1)    A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

> (2)
> (i) Except as otherwise provided in this paragraph, a person who is prohibited from possessing, using, controlling, selling, transferring or manufacturing a firearm under paragraph (1) or subsection (b) or (c) shall have a reasonable period of time, not to exceed 60 days from the date of the imposition of the disability under this subsection, in which to sell or transfer that person's firearms to another eligible person who is not a member of the prohibited person's household.

18 Pa.C.S. 6105(a)(1) and (a)(2).

The date of disability is the date of conviction. **See Commonwealth v. Appleby**, 856 A.2d 191, 194 (Pa.Super. 2004). However, as this Court noted in **Commonwealth v. Alvarez Herrera**, 35 A.3d 1216, 1218 (Pa.Super. 2011), although subsection (a), which encompasses both subsections (a)(1) and (a)(2), is headed "Offense defined[,]" suggesting that both subsections contain elements of the crime, headings are not controlling in statutory interpretation. **See** 1 Pa.C.S. § 1924. We held in **Alvarez-Herrera** that the heading did not control over the clear statutory language which imposed a

legal prohibition based on membership in one of the prohibited groups under subsections (b) or (c), and possession or other control of a firearm. Thus, we concluded that, "[t]he elements of the offense are therefore: (1) that the person has been convicted of an offense listed in Subsection (b) and/or falls into one of the categories of Subsection (c); and (2) that the person possesses or otherwise controls a firearm." *Id*. The sixty-day period set forth in § 6105(a)(2) was not an element of the offense. It was a grace period that operated as an affirmative defense for a person who was disqualified from possessing a gun, "but who not yet have a reasonable opportunity to dispose of their firearms." *Alvarez-Herrera*, *supra* at 1218. *See also Commonwealth v. Grove*, 170 A.3d 1127, 1148 (Pa.Super. 2017) (citing *Alvarez-Herrera* for proposition that sixty-day period in subsection (2)(i) is an affirmative defense).

The parties stipulated that Appellant had been convicted of the disqualifying offense of possession with intent to deliver a controlled substance charged at CP-51-CR-005215 of 2009. It was further stipulated that the gun was a firearm within the meaning of the statute. Although the trial court instructed the jury that, in order to find Appellant guilty of the offense, it would have to find that Appellant became a person prohibited from possessing or using a firearm more than sixty days before he admittedly possessed it on July 30, 2017, that instruction was incorrect. Such a finding was unnecessary

as it was not an element of the offense, and Appellant did not assert a sixty-day defense.

Thus, we find the evidence sufficient to satisfy the two elements of the offense that the Commonwealth was required to prove: that Appellant had been convicted of possession with intent to deliver a controlled substance, an enumerated offense; and, that he possessed or otherwise controlled a firearm. Hence, he is not entitled to relief on his second claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/20