J-S03045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                               :             PENNSYLVANIA
                                                 :

                v.                          :
                                                 :

SHAN W. CHILCOTT                        :
                                                 :

                  Appellant            :      No. 35 WDA 2024

Appeal from the Judgment of Sentence Entered December 15, 2023
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002319-2022

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY BECK, J.:                 **FILED: April 1, 2025**

Shan W. Chilcott ("Chilcott") appeals from the judgment of sentence imposed by the Erie County Court of Common Pleas ("trial court") following his conviction of persons not to possess, use, manufacture, control, sell or transfer firearms.[1] Chilcott challenges the sufficiency of the evidence. After review, we affirm.

On September 17, 2022, Corporal Francis Fusco and Trooper Brock Westerbeck, two Pennsylvania State Police Troopers, entered a trailer residence situated in Erie County, Pennsylvania,[2] and observed Chilcott lying

---

[1] 18 Pa.C.S. § 6105(a)(1).

[2] The jury did not hear evidence of the reason why the troopers entered the residence, only that they entered for a valid purpose. The validity of the troopers' entry into Chilcott's home is not before us on appeal.

on the couch in the living area and holding a loaded twenty-gauge shotgun. N.T., 10/23/2023, at 30, 32, 37-40. The troopers commanded Chilcott to exit the trailer without the firearm and he complied. *Id.* at 32. After the officers detained Chilcott and secured the firearm, they ran a criminal background check. *Id.* at 32-33. The officers discovered that in 1992, the state of Minnesota had convicted Chilcott of assault in the fourth degree for assaulting a peace officer, which is a felony.[3] *Id.* Based upon their belief that this offense was akin to Pennsylvania's crime of aggravated assault of a police officer,[4] an enumerated offense that would disqualify Chilcott from possessing a firearm in Pennsylvania, the officers arrested and charged Chilcott with violating section 6105(a)(1). *Id.* at 32-33.

The case proceeded to a jury trial on October 23, 2023. Trooper Westerbeck was the Commonwealth's sole witness at trial, and Chilcott testified on his own behalf. He conceded that he served a prison sentence in Minnesota, but he claimed that after he completed his sentence, he believed that he regained the right to possess a firearm. *Id.* at 44. Specifically, Chilcott testified that after he served his sentence, he "got all [his] civil rights back," including the "right to vote" and the "right to possess a firearm." *Id.*

---

[3] Minn.Stat. § 609.2231, subd. 1.

[4] 18 Pa.C.S. § 2702(a).

When asked if he had documentation of this restoration of his rights, he responded that

> [u]pon completion, the DOC up there, they send it to you, but it's right in the Minnesota statutes that anybody that loses a firearm right for a violent crime, loses it for ten years and they lose the right to own a pistol. So, I never lost the right to own a shotgun ever, but I lose [sic] the right to own a pistol for ten years unless I got in more trouble. And it's 30 years ago, I've got in no other trouble. It's right in the Minnesota statute.

*Id.* at 45.[5]

Upon hearing the testimony from Trooper Westerbeck and Chilcott, the jury convicted Chilcott. On December 15, 2023, the trial court sentenced Chilcott to 84 to 168 months of incarceration.

Chilcott timely filed a notice of appeal. The trial court and Chilcott complied with Pa.R.A.P. 1925. Chilcott's sole issue on appeal asks this Court to decide whether the Commonwealth presented sufficient evidence to convict him of persons not to possess firearms. Chilcott's Brief at 3.[6]

We review Chilcott's challenge to the sufficiency of the evidence pursuant to the following standard:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is de novo and our scope of review is plenary. In reviewing the sufficiency of the evidence,

---

[5] Chilcott did not introduce any exhibits or identify the Minnesota statute to which he referred. Presumably he was referring to Minnesota's statute governing restoration of civil rights and possession of firearms and ammunition, which restores the right to possess a firearm in Minnesota for some, but not all, persons convicted of crimes. *See* Minn.Stat. § 609.165.

[6] We note with disapproval that the Commonwealth did not file a brief.

we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the [factfinder] to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the [factfinder].

*Commonwealth v. Scott*, 325 A.3d 844, 849 (Pa. Super. 2024) (citation omitted). To the extent that we must interpret the statutory language of section 6105 to resolve Chilcott's challenge to the sufficiency of the evidence, we review this question of law de novo with a plenary scope. *Commonwealth v. Roberts*, __A.3d __, 2025 WL 258755, at *5 (Pa. Jan. 22, 2025).

The pertinent portion of the statute under which Chilcott was convicted provides that

[a] person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence … shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1). Relevant to Chilcott's case, the enumerated offenses in subsection (b) include "any offense equivalent to any of the above-enumerated offenses under the statutes of any other state or of the United States." 18 Pa.C.S. § 6105(b).

- 4 -

In his brief before this Court, Chilcott does not challenge the sufficiency of the evidence to prove that he possessed a firearm or that he was convicted of an offense that was equivalent to an enumerated offense in section 6105(b). Rather, Chilcott argues that the Commonwealth introduced insufficient evidence of the mental state ("mens rea") required by section 6105(b) because he possessed the firearm believing he was permitted to despite his prior conviction in Minnesota. Chilcott's Brief at 8.[7]

Section 6105 is silent regarding culpability, but we do not presume that such silence indicates that the General Assembly intended to dispense with a mens rea requirement. ***Commonwealth v. Mayfield***, 832 A.2d 418, 426 (Pa. 2003). Because absolute liability for a crime is disfavored, the law in our Commonwealth typically requires some level of culpability before criminal liability is imposed. ***Id.*** When the statute is silent as to culpability and there is no indication that the General Assembly intended to impose absolute liability, the "express, default culpability scheme" in 18 Pa.C.S. § 302(c) applies. ***Commonwealth v. Gallagher***, 924 A.2d 636, 639 (Pa. 2007).

_____

[7] Chilcott's argument discusses ***Commonwealth v. Grove***, 1135 MDA 2014, 2015 WL 6133147 (Pa. Super. July 28, 2015), a non-precedential unpublished decision of this Court filed in 2015. We acknowledge that Chilcott presumably discusses ***Grove*** because the trial court cited to ***Grove*** while referring to Chilcott's testimony as "specious." ***See*** Amended Trial Court Opinion, 6/24/2024, at 1. Nevertheless, our Rules of Appellate Procedure permit citation to a non-precedential decision of this Court only if the decision was filed after May 1, 2019, and only then for its persuasive value. ***See*** Pa.R.A.P. 126(a), (b). As such, we do not further analyze or discuss ***Grove*** in our disposition.

- 5 -

Section 302(c) provides that "[w]hen the culpability sufficient to establish a material element of an offense is not prescribed by law, such element is established if a person acts intentionally, knowingly or recklessly with respect thereto." 18 Pa.C.S. § 302(c).

Section 302(a) "unequivocally mandates that the mens rea element of a criminal statute must be applied 'to each material element of the offense.'" *Roberts*, 2025 WL 258755, at *7 (quoting 18 Pa.C.S. § 302(a)). Section 6105 has two material elements: "(1) that the person has been convicted of an offense listed in [s]ubsection (b) …; and (2) that the person possesses or otherwise controls a firearm." *Commonwealth v. Alvarez-Herrera*, 35 A.3d 1216, 1218 (Pa. Super. 2011). Because the General Assembly took care to list specific disqualifying offenses in subsection (b), our Supreme Court has held that the enumerated offense is an essential element of the crime, which entitles the Commonwealth to introduce evidence specifically naming the disqualifying offense. *Commonwealth v. Jemison*, 98 A.3d 1254, 1261 (Pa. 2014).

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S. § 302(b)(3).

- 6 -

The flaw in Chilcott's argument is that even if it were true that his gun possession rights had been restored or never lost **in Minnesota**, that does not mean that he lawfully could possess a shotgun **in Pennsylvania**. Section 6105 does not make the right to possess a gun contingent upon the law of another jurisdiction—if that was the law, the language of the Pennsylvania statute would forbid persons who are prohibited from possessing firearms in other states from possessing firearms in Pennsylvania. Rather, it is **Pennsylvania** law that disables the person who has been convicted of a crime in another state that is an equivalent offense to an enumerated crime from possessing a firearm in Pennsylvania. *See* 18 Pa.C.S. § 6105(a) (stating that a "person who has been convicted of an offense enumerated in subsection (b) … shall not possess … a firearm **in this Commonwealth**") (emphasis added). Indeed, as Chilcott recognizes, "in order to secure a conviction under Section 6105, the Commonwealth must prove (1) the [Appellant] had been previously convicted of a disabling offense enumerated in Subsection 6105(b), and (2) the [Appellant] 'intentionally, knowingly, or recklessly' possessed a firearm." Chilcott's Brief at 8 (cleaned up; citations omitted).[8]

_____

[8] Despite this recognition, at the conclusion of his argument, Chilcott baldly suggests that evidence of "his understanding that he regained the right to possess a firearm" is somehow dispositive of his sufficiency claim. *See* Chilcott's Brief at 8. As reflected above, Chilcott does not develop an argument that the Commonwealth was required to prove that he knew he was prohibited from possessing a firearm on the day in question. *Cf.* ***Commonwealth v. Hauck***, 272 A.3d 485, *3 (Pa. Super. 2022) (non-
*(Footnote Continued Next Page)*

Chilcott fails to convince us through authority or argument that the Commonwealth did not prove that he "consciously disregard[ed] a substantial and unjustifiable risk" that he possessed a firearm in Pennsylvania as a person with a disqualifying felony conviction. 18 Pa.C.S. §§ 302(b)(3), 6105(a). Considering the circumstances known to Chilcott—that the state of Minnesota had convicted him of felony assault in the fourth degree, that felony convictions could restrict a person from exercising certain civil rights in some circumstances, and that he was in possession of a shotgun in a different state—his failure to ascertain his ability to possess a firearm in our Commonwealth is a gross deviation from the standard of conduct that a reasonable person would observe. Even if the jury believed Chilcott's testimony (an inference we need not make under our standard of review when analyzing the sufficiency of the evidence, **see Scott**, 325 A.3d at 849), each state has its own laws regulating the carrying of firearms. His assumption that he could possess a shotgun in Pennsylvania because he may have been able to do so in Minnesota after a felony conviction is unreasonable.[9]

_____

precedential decision) (disposing of this argument, holding "the Commonwealth was not required to prove that Hauck knew that he was a person not to possess on the dates in question. Rather, the Commonwealth was required to prove only that Hauck had been previously convicted of a disabling offense listed in § 6105(b), and that he intentionally, knowingly, or recklessly possessed or used a firearm.").

[9] Indeed, section 6105 contains specific procedures wherein a person meeting certain conditions may apply to the trial court to seek an exemption relieving
_(Footnote Continued Next Page)_

Because Chilcott's argument does not establish that the Commonwealth failed to introduce sufficient evidence of his mens rea under section 6105, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

4/1/2025

_____

the person of the disability imposed by the statute. **See** 18 Pa.C.S. § 6105(d), (f).